{¶ 44} I concur in the majority opinion and write separately only to illuminate one point. Conspicuously absent from the record below is any credible evidence of motive on the part of this child to knowingly set this fire. While I realize that proof of motive is not required, generally the presence or absence of motive is one of the circumstances bearing on knowledge. See, Ohio Jury Instructions, 409.01.
 {¶ 45} In this case and with this record, the lack of motive is significant and further bolsters the child's claim that this fire was accidental. The testimony at the adjudication was that the delinquent child and her step-mother had problems in the past but the child was not angry with her on the day of the fire. Also, this child lost important personal photos and porcelain dolls during the fire. It seems logical to me that if this child intentionally set this fire she would have segregated these important personal articles in a safe haven and this she did not do.
 {¶ 46} In my mind, the thin state's case in chief combined with a lack of motive on the part of this child to set this fire, severely cloud the knowingly element necessary for a delinquency finding beyond a reasonable doubt. Thus, I concur that the underlying delinquency finding must be reversed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Kline, J.: Dissents with Attached Dissenting Opinion McFarland, M.: Concurs with Attached Concurring Opinion